UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FRANK PATE,

    Petitioner,

v.   Case No. 3:20cv5857-LC-HTC

PENSACOLA NAVAL BASE CO,

    Respondent.

_____/

ORDER and REPORT AND RECOMMENDATION

Frank Pate, a federal prisoner proceeding *pro se*, initiated this case on September 24, 2020,[1] with an "Original Petition for Relief under 28 U.S.C. § 2241." ECF Doc. 1. This matter is before the Court on Petitioner's failure to comply with orders of the Court directing Petitioner to file an amended complaint and a complete motion to proceed *in forma pauperis* (or, alternatively, to pay the filing fee). Additionally, Petitioner has also filed documents entitled "Motion Under Rule 23" (ECF Doc. 9) and "Declaratory Relief Pursuant to 28 U.S.C. § 2201." For the reasons below, the undersigned respectfully recommends the case be DISMISSED

---

[1] When available, the undersigned refers herein to the date the Petitioner submitted the referenced motion to prison mail officials, rather than the docketed date. *See* Habeas Rule 3(d) and *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (Under the "prison mailbox rule," a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.).

without prejudice for failure to follow orders of the Court. Additionally, Petitioner's Motion Under Rule 23 and Motion for Declaratory Relief are DENIED.

I.     RECOMMENDATION FOR DISMISSAL

Pate, an inmate of the Federal Bureau of Prisons, asserts in a handwritten petition that he is serving a 168-month federal sentence based on a judgment from the Eastern District of Texas. Although Pate does not identify the case number for his underlying conviction, the Court takes judicial notice that Pate is currently incarcerated at Pensacola Federal Prison Camp based on a conviction in the Eastern District of Texas in *U.S. v. Pate*, 4:14-cr-00125-ALM-CAN. He was convicted of three counts: two counts of wire fraud under 18 U.S.C. § 1343 and one of mail fraud under 18 U.S.C. § 1341. Jury Verdict, 4:14-cr-00125, ECF Doc. 73 (E.D. Tex. May 26, 2015).

In Pate's filing he raises two claims. First, he challenges his federal convictions and sentences. Pate argues the United States has no authority to detain him because his offense was not an offense against the United States, as required by federal statutes he argues constrain the power of the Court to convict him and the Federal Bureau of Prisons to detain him. Pate bases this argument on his interpretation of 18 U.S.C. § 4042(a)(2) and the fact that his crimes were against his business partner, a private individual. That is, he makes the dubious claim that the term "offense against the United States" as used in federal statutes does not merely

describe any offense defined under federal law but instead requires also that the United States itself suffer an injury such as pecuniary loss.

Second, Pate claims he is being subjected to unsafe conditions of confinement because he is being housed with violent and mentally disturbed prisoners and is being exposed to "toxic and known carcinogenic mold spores" and a leaking, collapsed ceiling at FPC Pensacola. ECF Doc. 1 at 8-10.

Although Pate is currently incarcerated at FPC – Pensacola, he names as respondents or defendants the Pensacola Naval Base and the Department of the Navy.[2] He alleges "Defendants are employees of the Federal Bureau of Prisons" but does not explain how. ECF Doc. 1 at 2. As for relief, while not entirely clear, it appears that Pate is seeking some form of injunctive relief from this Court as there is no claim for monetary damages.

As explained in the Court's prior order, ECF Doc. 2, Pate's claims that he is being illegally detained, which contest the validity of his underlying conviction, cannot be brought in a 28 U.S.C. § 2241 petition or a motion invoking Rule 23 of the Federal Rules of Criminal Procedure. Instead, they must be brought in a motion under 28 U.S.C. § 2255 and must be brought in the court of conviction. "Generally, a federal prisoner must bring any collateral attack on the legality of his conviction

---

[2] Plaintiff also initially named M.V. Joseph, C.O. Plewes, but then subsequently filed a notice of nonsuit as to Plewes. ECF Doc. 6. Thus, the Court directed the clerk to terminate Plewes as a defendant/respondent. ECF Doc. 7.

Case No. 3:20cv5857-LC-HTC

or sentence through a motion to vacate under § 2255 rather than a petition for writ of habeas corpus under § 2241." *Kishchenko v. United States*, No. 2:19-CV-1087-MHT-SMD, 2020 WL 3866666, at *2 (M.D. Ala. June 12, 2020), *report and recommendation adopted*, No. 2:19CV1087-MHT, 2020 WL 3833008 (M.D. Ala. July 8, 2020) (quoting *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017)).

Also, because Pate challenges a judgment entered in the Eastern District of Texas, jurisdiction to consider the § 2255 motion lies only in the Eastern District of Texas as the district of conviction. *See* 28 U.S.C. § 2255(e) (habeas petition "shall not be entertained" if defendant has failed to apply for relief by motion under § 2255 "to the court which sentenced him").

Pate is well aware that he must file a petition under § 2255 to contest his conviction. Indeed, that is exactly what he did on August 9, 2019, when he filed a habeas petition in the Middle District of Alabama. The petition was transferred to the E.D. of Texas and construed as a "Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. Section 2255." ECF Doc. 357 in the E.D. of Texas in *U.S. v. Pate*, 4:14-cr-00125-ALM-CAN (E.D. Tex.).

Additionally, Pate was previously directed by Magistrate Judge Frank when he tried to file a § 2241 habeas petition in this district in April 2020, alleging the same illegal detention claim, that a "collateral attack on the validity of a federal

conviction and sentence is properly brought under 28 U.S.C. § 2255 in the district of conviction" and that a "defendant may not circumvent the procedural limitation on § 2255 motions simply by styling his motion as a petition for habeas corpus pursuant to 28 U.S.C. § 2241." ECF Doc. 4 at 3-4, in *Pate v. Joseph*, 3:20-cv-05408-MCR-MJF (N.D. Fla.) (issuing order to show cause why case should not be dismissed for lack of personal jurisdiction as well as on other grounds). Thus, Pate is well aware that what he filed with this Court was not proper.

Nonetheless, because Pate is proceeding *pro se*, the undersigned allowed Pate an opportunity to amend his filing to omit his illegal detention claim and to re-allege his conditions of confinement claim utilizing this Court's civil rights complaint forms. ECF Doc. 2. Pate, however, did not do so. Instead, he first filed an objection to the undersigned's amend order, ECF Doc. 3, which the District Judge overruled, ECF Doc. 4, and then he filed a response which made clear he does not intend to comply with the undersigned's orders.

Namely, in the November 15, 2020, "Response to Magistrate," ECF Doc. 8, Pate argues he does not have to file an amended petition or complaint because "a Petitioner's right to control the format of his Petition shall not be infringed upon by any Local Rule, or legislation." ECF Doc. 8 at 4. As to the undersigned's order requiring him to file a motion to proceed *in forma pauperis* or pay the filing fee, Pate argues, nonsensically, that "As for the $5.00 fee, the Petitioner has the trial record

to show that he was unlawfully prosecuted by a party plaintiff that was never charged a filing fee. 14th Amendment Equal Protection Clause prevails on this point." *Id.* at 5 (emphasis in original).

Thus, the undersigned recommends this action be dismissed for failure to follow orders of the Court. As an additional matter, the petition should be dismissed on the merits because the claims are not proper under 28 U.S.C. § 2241.[3]

## II. THE MOTION UNDER RULE 23

On November 24, 2020, Pate filed another hard-to-decipher pleading titled "Motion Under Rule 23." ECF Doc. 9. In the motion, Pate again attacks his federal criminal judgments and sentences, arguing the term "offense against the United States," as used in federal statutes, does not merely describe any offense defined under federal law but instead requires that the United States itself suffer an injury such as pecuniary loss. He asks the Court to "immediately issue an order noting that the judgments entered against Frank Edwin Pate are in fact, and law, VOID, and

---

[3] Also, even if the Court were to construe the conditions-of-confinement claims as being brought under 42 U.S.C. § 1983 or 28 U.S.C. § 1331, they would nonetheless fail because the constitutional claims that have been permitted under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971) have been very limited. Additionally, even assuming that an Eighth Amendment conditions-of-confinement claim is cognizable under *Bivens*, the challenged condition must "involve the unnecessary and wanton infliction of pain" for Plaintiff to state a claim. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "The Constitution does not mandate comfortable prisons" or prisons that are "free from discomfort." *See*, 452 U.S. at 349. Instead, only "extreme deprivations . . . make out a conditions-of-confinement claim under the Eighth Amendment." *See Chandler v. Crosby*, 379 F.3d 1278, 1298 (11th Cir. 2004) (internal quotes omitted). What Pate has alleged does not rise to the level of such "extreme deprivation."

without any effect or any authority to be enforced" and "to issue an IMMEDIATE RELEASE ORDER, to FPC Pensacola, instanter releasing Petitioner." ECF Doc. 9 at 15-16.

It appears Pate likely meant to file the Motion with the United States Supreme Court, rather than this Court. The caption of the motion identifies the Court as the United States Supreme Court. Also, Supreme Court Rule 23 provides the method for applying to a justice of the Supreme Court to stay the enforcement of a judgment. Moreover, the undersigned notes that in response to Magistrate Judge Frank's order to show cause why the § 2241 petition in *Pate v. Joseph*, 3:20-cv-05408-MCR-MJF (N.D. Fla.) should not be dismissed, Pate filed a "notice" stating that he has a "pending Rule 23 before the Supreme Court" and "therefore all raised issues by the magistrate are moot, at this point." ECF Doc. 7. Thus, to the extent Pate inadvertently filed the Motion in this Court, Pate should re-file the Motion with the United States Supreme Court.

To the extent the Motion asks for relief from this Court, it is denied. Rule 23 of the Federal Rules of Criminal Procedure provides that "[i]f the defendant is entitled to a jury trial, the trial must be by jury" unless the defendant waives the right in writing, the government consents and the court approves. Pate has no right to a jury trial on a habeas petition.

### III.  MOTION FOR DECLARATORY RELIEF UNDER 28 U.S.C. § 2201

Pate asks the Court to declare, under 28 U.S.C. § 2201, the following rights: his right to habeas corpus, right to equal protection of law(s), right to due process and "right to surrender citizenship to a federal judicial officer for their failures to protect his rights as outlined." Petitioner is not entitled to the relief he seeks.

First, as set forth above, Pate must file a habeas petition in the Eastern District of Texas, the district of his judgment of conviction. Second, Pate's claims relating to renouncing citizenship are not related to his conviction or his conditions-of-confinement and are nonsensical. Accordingly, they should be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B). Third, "[t]he Declaratory Judgment Act, 28 U.S.C. § 2201–02, . . . does not provide a basis for jurisdiction." *Bethel v. Mack,* 2010 WL 2232155, *3 (S.D. Ala. 2010) (citing *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671 (1950)). Instead, 28 U.S.C. § 2201 only "enlarge[s] the range of remedies available in federal court." *Id.* (citing *Skelly Oil Co.,* 339 U.S. at 671).

### IV.  CONCLUSION

As stated above, the Court detailed for Pate the deficiencies in his filing and his failure to arrange for payment of the filing fee in its October 6, 2020 order. Plaintiff has not cured the deficiencies previously identified and clearly indicates that he refuses to do so.

Accordingly, it is ORDERED:

1.   The Motion Under Rule 23 (ECF Doc. 9) and the Motion for Declaratory Relief (ECF Doc. 10) are DENIED.

Additionally, it is respectfully RECOMMENDED:

1.   That this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute or failure to comply with a Court order.

2.   That the clerk be directed to close the file.

At Pensacola, Florida, this 7th day of December, 2020.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON
UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**